UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE J. GREEAR, JR.,

    Plaintiff,

v.

EQUIFAX INFORMATION
SERVICES, LLC,

    Defendant.
_____/

Case No. 14-11988

Hon. John Corbett O'Meara

## ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL DISMISSAL

Before the court is Defendant Equifax Information Services, LLC's motion for partial dismissal, which was filed on May 27, 2014, and which has been fully briefed. Pursuant to L.R. 7.1(f)(2), the court did not hear oral argument.

In his complaint, Plaintiff Willie J. Greear, Jr., alleges a violation of the Fair Credit Reporting Act ("FCRA") against Equifax and seeks damages and injunctive relief. Defendant seeks dismissal of the injunctive relief claim, contending that such relief is not available to a private litigant under the FCRA.

The FCRA provides for civil liability for violations. See 15 U.S.C. § 1681 *et seq.* Sections 1681n (civil liability for willful noncompliance) and 1681o (civil liability for negligent noncompliance) of the FCRA specifically provide that a

consumer may obtain damages and attorney's fees for violations of the act. These sections are silent with respect to the availability of injunctive relief.

Courts are split regarding the meaning of this silence. Compare Washington v. CSC Credit Servs., Inc., 199 F.3d 263 (5th Cir. 2000) (FCRA does not allow private litigants to maintain claim for injunctive relief) with Engelbrecht v. Experian Info. Servs., Inc., 2012 WL 10424896 (C.D. Cal. Nov. 6, 2012) (equitable relief is available to private litigants under the FCRA). See also Beaudry v. Telecheck Servs. Inc., 579 F.3d 702, 709 (6th Cir. 2009) (questioning Washington in dicta, but declining to address the issue). Having reviewed these lines of authority, the court finds Washington more persuasive than Engelbrecht.

Both courts noted the general proposition that "[a]bsent the clearest command to the contrary from Congress, federal courts retain their equitable power to issue injunctions in suits over which they have jurisdiction." Califano v. Yamasaki, 442 U.S. 682, 705 (1979). The Washington court noted that, although the availability of injunctive relief is not mentioned in the civil liability provisions of the FCRA (§§ 1681n, 1681o), the statute elsewhere "expressly grants the power to obtain injunctive relief to the FTC." Washington, 199 F.3d at 268 (citing 15 U.S.C. § 1681s). Further, another section of the act – § 1681u (disclosures to FBI for counterintelligence purposes) – allows private litigants to obtain damages

against the United States for violations and expressly provides for injunctive relief: "In addition to any other remedy contained in this section, injunctive relief shall be available to require compliance with the procedures of this section." See 15 U.S.C. § 1681u(m). This express provision of an injunctive relief remedy for violations of § 1681u suggests that Congress did not intend for injunctive relief to be available under §§ 1681n or 1681o. See Washington, 199 F.3d at 269 ("This language would be unnecessary if injunctive relief were otherwise available.").

The Engelbrecht court questioned whether the FCRA's silence regarding injunctive relief in §§ 1681n and 1681o could be interpreted as rendering injunctive relief unavailable. The court stated that "Section 1681u(l) expressly provides that 'the remedies and sanctions set forth in this section shall be the only judicial remedies and sanctions for violation of this section,' creating the opposite negative inference that, elsewhere, remedies are not limited to those enumerated." Engelbrecht, 2012 WL 10424896 at *3.

Reading the statute as a whole, however, it does not appear that such an "opposite negative inference" is created by the express limitation of remedies in § 1681u(l) and the lack of a similar express limitation in §§ 1681n or 1681o. Sections 1681n and 1681o are the general liability sections, providing relief against "any person" who violates the act. Section 1681u deals only with the furnishing of

information to the FBI and provides for specific remedies against the United States for violations.  The limitation of remedies provision in that section, § 1681u(l), indicates that remedies for violations of § 1681u are found in §§ 1681u(i) (damages) and 1681u(m) (injunctive relief), and do not include the general remedies set forth in § 1681n (civil liability for willful noncompliance) or § 1681o (civil liability for negligent noncompliance), which might otherwise apply.  Section 1681u(l) was intended to limit the remedies for violations of § 1681u to those set forth in §§ 1681u(i) and (m); without that provision, a consumer could also seek the remedies set forth in §§ 1681n or 1681o for violations of § 1681u.  On the other hand, a similar limitation of remedies in §§ 1681n or 1681o would not be necessary to prevent a consumer from also seeking the remedies set forth in § 1681u, because that section only applies in limited, specific circumstances involving disclosure of information to the FBI and does not apply to violations by credit reporting agencies.

      The express grant of an injunctive relief remedy in some sections of the FCRA, coupled with the lack of such an express provision in §§ 1681n or 1681o, clearly indicates that Congress did not intend to allow for such relief here.  See Washington, 199 F.3d at 268-69.  See also Khalil v. Transunion, LLC, 2009 WL 804165 (E.D. Mich. Mar. 25, 2009) (following Washington and holding injunctive

relief unavailable to private litigant); Kaplan v. Experian, Inc., 2010 WL 2163824 at *4 (E.D. Mich. May 26, 2010) (same).  This conclusion is further bolstered by a proposed amendment to the FCRA – the Stop Errors in Credit Use and Reporting Act – which would expressly provide for injunctive relief.  This amendment would not be necessary if injunctive relief was already permitted under the statute.  See S. 2224, 113th Cong. (2014).  Accordingly, the court will grant Defendant's motion for partial dismissal.

## ORDER

IT IS HEREBY ORDERED that Defendant's motion for partial dismissal is GRANTED.

> s/John Corbett O'Meara
> United States District Judge

Date:  August 1, 2014

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 1, 2014, using the ECF system and/or ordinary mail.

> s/William Barkholz
> Case Manager